Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XI

| ORLANDO ZAYAS MALAVÉ<br>Recurrido<br><br><br>v.<br><br><br>LUZ IVETTE PÉREZ RIVAS<br>JAVIER JOSÉ ACEVEDO RODRÍGUEZ<br><br><br>JAVIER JOSÉ ACEVEDO RODRÍGUEZ<br>Peticionario | KLCE202300341 | *Certiorari* procedente del Tribunal de Primera Instancia Sala de Caguas<br><br>Caso Núm. SL2021RF00075<br><br>Sobre: Custodia y Patria Potestad |
|---|---|---|

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez Adames Soto y la Jueza Martínez Cordero

Adames Soto, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de abril de 2023.

Comparece el señor Javier José Acevedo Rodríguez (señor Acevedo Rodríguez o peticionario), quien se encuentra confinado, mediante recurso de *certiorari*, solicitando la designación de un abogado de oficio para que lo represente en una acción sobre remoción de custodia y patria potestad instada en su contra, en el Tribunal de Primera Instancia, Sala de Caguas, (TPI).

No obstante, resulta evidente que el recurso presentado es prematuro, en tanto se pretendió recurrir de un dictamen interlocutorio que no puso fin a un incidente dentro del proceso judicial, por lo que solo cabe desestimar, por falta de jurisdicción. Es decir, el foro primario no había hecho una determinación final sobre la petición de asignación de abogado de oficio de la cual se pudiera recurrir.

NÚMERO IDENTIFICADOR

RES2023_____

## I. Resumen del tracto procesal

La controversia ante nosotros dio inicio con la presentación de una demanda, el 11 de noviembre de 2021, por el señor Orlando Zayas Malavé, (el recurrido). En esta se alegó que el peticionario y la señora Luz Ivette Pérez Rivas, (en conjunto, los demandados), son los progenitores de dos menores, cuya custodia le fue otorgada al recurrido. Adujo que los demandados no mantenían comunicación alguna con sus hijos, siendo padres indiferentes y ausentes en la vida de estos. Añadió, que el incumplimiento de los demandados con sus responsabilidades y obligaciones filiales impedían el desarrollo saludable, el bienestar emocional y la seguridad de los menores, por lo que solicitó que se le concediera la custodia y patria potestad exclusiva sobre estos.

A raíz de lo cual, el 24 de marzo de 2023, el señor Acevedo Rodríguez presentó *Alegación Responsiva.* Sostuvo que el recurrido no permitía el acercamiento con los menores para lograr las relaciones filiales, privándolo de relacionarse con sus hijos, por lo que se opuso a la petición de la custodia y patria potestad exclusiva a favor de este. Además, le solicitó al foro primario que ordenara la asignación de un abogado de oficio para que lo representara en el caso.

Por motivo de la petición de remoción de custodia y patria potestad solicitada en la demanda, el TPI ordenó a la Unidad Social de Relaciones de Familia y Asuntos de Menores que realizara una evaluación social forense sobre custodia y patria potestad. A tenor, el 8 de febrero de 2023, la Trabajadora Social, Yaritza Figueroa Ortiz, presentó al tribunal una *Moción de Informe Social,[1]* en la que indicó haber finalizado su intervención y presentado el Informe Social correspondiente.

---

[1]Identificado como entrada número 37 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

En consecuencia, el 9 de febrero de 2023,[2] el TPI emitió *Orden*, concediéndole un término de quince días a las partes para que indicaran si se allanaban a las recomendaciones contenidas en el referido Informe Social[3], o mostraran causa por la cual el tribunal no debía acogerlas.

Por consiguiente, el 27 de febrero de 2023,[4] el peticionario presentó *Contestación a la Notificación de la Orden del 9 de febrero de 2023 del Honorable Tribunal de Caguas.* Manifestó no allanarse a las recomendaciones realizadas en el Informe Social, y reiteró su solicitud para que se le asignara un representante legal de oficio.

Al próximo día, el 28 de febrero de 2023, el recurrido presentó *Moción informando anuencia con recomendaciones del informe social forense.*[5]

Entonces, el 28 de marzo de 2023, el TPI emitió una resolución respecto a la *Contestación a la notificación de la orden del 9 de febrero de 2023 del Honorable Tribunal de Caguas* que presentara el peticionario, en la que indicó ENTERADO.[6]

Tan solo a dos días de emitida la referida Resolución, el 30 de marzo de 2023, el peticionario recurrió ante nosotros mediante recurso de certiorari. En lo pertinente, aduce que no se le ha provisto la debida representación legal, de modo que está imposibilitado de cumplir con la Orden del TPI, a efectos de presentar causa por la cual el tribunal no debería acoger las recomendaciones del Informa Social. Como remedio, solicita la asignación de un representante legal.

No obstante, el 29 de marzo de 2023, notificada el 11 de abril de 2023, el foro primario emitió una Orden **asignando abogado de oficio al peticionario**.

---

[2] Notificada el 15 de febrero de 2023.
[3] En el Informe Social se recomendó la privación de la patria potestad y custodia que ostentaban los demandados sobre los menores, y que se les concediera de forma permanente al recurrido.
[4] Con fecha de presentación en SUMAC del 9 de marzo de 2023.
[5] Identificado como entrada número 41 en SUMAC.
[6] Identificado como entrada número 43 en SUMAC.

**II. Exposición de Derecho**

### a. Jurisdicción

La jurisdicción se ha definido como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Yumac Home v. Empresas Massó, supra. Horizon Media v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233 (2014). Tanto los foros de instancia, como los foros apelativos, tienen el deber de, primeramente, analizar en todo caso si poseen jurisdicción para atender las controversias presentadas, puesto que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *Horizon Media v. Jta. Revisora, RA Holdings, supra*; *Shell Chemical v. Srio. Hacienda*, 187 DPR 109, 122-123 (2012).

Por tanto, si determinamos que no tenemos jurisdicción sobre un recurso o sobre una controversia determinada, debemos así declararlo y desestimar o denegar. *Mun. San Sebastián v. QMC*, 190 DPR 652, 660 (2014). En consonancia, no tenemos discreción para asumir jurisdicción donde aún no la hay. *Yumac Home Furniture, Inc. v. Caguas Lumber Yard, Inc., supra.* En otras palabras, una apelación o un **recurso prematuro**, al igual que uno tardío, sencillamente **adolece del grave e insubsanable defecto de falta de jurisdicción**. (Énfasis provisto). *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 936 (2011).

### b. Desestimación

La Regla 83 de nuestro Reglamento, establece las circunstancias en que este foro intermedio puede desestimar un recurso presentado. 4 LPRA Ap. XXII-B, R. 83. En lo que resulta pertinente al caso ante nuestra consideración, establece:

> B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1) que el **Tribunal de Apelaciones carece de jurisdicción**;

[...]

(C) El Tribunal de Apelaciones, **a iniciativa propia**, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente. 4 LPRA Ap. XXII-B, R. 83.

(Énfasis nuestro y texto omitido del original).

## III. Aplicación del Derecho a los hechos

Según adelantamos, el recurso de certiorari presentado por el peticionario tiene como propósito o finalidad lograr que se le asigne a un representante legal de oficio en el proceso sobre privación de custodia y patria potestad presentado en su contra. No obstante, al verificar la Resolución cuya revocación procura el peticionario, resulta evidente que el recurso de certiorari fue presentado de manera prematura, de modo que carecemos de jurisdicción para atenderlo. Nos explicamos.

Instada moción por el peticionario ante el TPI solicitando la asignación de un abogado de oficio, dicho foro plasmó lo siguiente *Enterado*. Es de tal expresión, *Enterado*, la que el peticionario pretende que revisemos, atribuyéndole al TPI no actuar sobre la petición de asignación de abogado de oficio.

Como es sabido, el Artículo 4.006(b) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2033, 4 LPRA sec. 24; la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1; y la Regla 32(D) del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 32(D), nos autorizan a revisar **resoluciones** interlocutorias emitidas por el TPI. Entonces, para conocer la acepción de *resolución* en tal contexto, se hace necesario acudir a la Regla 42.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.1, que la define como *cualquier dictamen **que pone fin** a un incidente dentro del proceso judicial*. (Énfasis provisto). Utilizando idéntica expresión nuestro Tribunal Supremo ha manifestado que una *resolución* es un dictamen **que**

**pone fin** a un incidente dentro del proceso judicial. (Énfasis provisto). *Johnson & Johnson v. Mun. San Juan,* 172 DPR 840, 848 (2007).

A todas luces, la expresión *Enterado* hecha por el TPI ante la petición de representación legal por el peticionario **no puso fin al incidente que había que resolver**, sino que solo sirvió de manifestación por dicho foro de que conocía sobre la referida solicitud pendiente de dilucidar. Queda claro que, al momento de la presentación del recurso de certiorari, la solución sobre la solicitud de abogado de oficio **no se había resuelto por el tribunal *a quo***, seguía pendiente, y, por tanto, no era susceptible de ser recurrida ante nosotros mediante el recurso de certiorari.

Por tanto, este foro intermedio no cuenta con una *Resolución* que *hubiese puesto fin a un incidente dentro del proceso judicial,* de modo que estamos impedidos de intervenir en esta etapa de los procedimientos, y el recurso lo reputamos como prematuro, faltos de jurisdicción para atenderlo. Un recurso prematuro, al igual que uno tardío, sencillamente **adolece del grave e insubsanable defecto de falta de jurisdicción**. (Énfasis provisto). *Asoc. Fotoperiodistas v. Rivera Schatz,* supra.

Aunque lo anterior resulta decisivo para disponer del recurso presentado, sin más, sépase que el TPI sí emitió una Resolución final sobre la petición de designación de abogado de oficio, el 29 de marzo de 2023, notificada el 11 de abril de 2023, *Orden para la Asignación de Abogado(a) de Oficio o Abogado(a) Auxiliar.*[7] Mediante tal dictamen, se asignó a la Lcda. Jeniffer Odell González como abogada de oficio del peticionario. Nótese que el TPI, de manera muy diligente, resolvió la solicitud de designación de abogado pendiente, con cuya determinación puso fin a tal incidente procesal, que le resultó favorable al peticionario. Esto, a su vez, tornó en académico el asunto, otra razón por la cual estaríamos impedidos de considerarlo y obligados a desestimar.

---

[7] Identificado como entrada número 45 en SUMAC.

**IV. Parte dispositiva**

De conformidad con lo antes expresado, se desestima el recurso presentado por el peticionario, por falta de jurisdicción.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones